**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**NELSON RODRIGUEZ,**

**Plaintiff,**

**v.** **CASE NO.**

**BRODER BROS., CO. D/B/A ALPHA BRODER,**

**Defendant.**
______________________________________/

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Defendant BRODER BROS., CO. D/B/A ALPHA BRODER, by and through its undersigned counsel, hereby gives notice of removal of the case styled *Nelson Rodriguez v. Broder Bros., Co. d/b/a Alpha Broder,* Case No. 2025-CA-010571-O, currently pending in the Circuit Court for the Ninth Judicial Circuit, in and for Orange County, Florida (the "State Court Action"), to the United States District Court for the Middle District of Florida, Orlando Division. As grounds, Defendant states as follows:

## I. BACKGROUND

1. On or about October 27, 2025, Plaintiff Nelson Rodriguez filed his Complaint in the Ninth Judicial Circuit, in and for Orange County, Florida, initiating the State Court Action. Plaintiff named Defendant as the sole defendant and alleged violations of Fla. Stat. § 448.102 and 42 U.S.C. §1981, as well as defamation, malicious

prosecution, hostile work environment, negligent supervision and retention, and intentional infliction of emotional distress.

2. On February 20, 2026, Plaintiff served the Summons and Complaint upon Defendant. Pursuant to 28 U.S.C. § 1446(b), a true and legible copy of all processes, pleadings, motions and orders on file with the State Court Action is attached hereto as **Exhibit A.** No further proceedings have occurred in the State Court Action.

3. Pursuant to 28 U.S.C. § 1446(b), Defendant has timely filed this Notice of Removal within thirty days after receipt of a copy of Plaintiff's initial pleading.

4. Removal to this Court is proper under 28 U.S.C. § 1446(a) because the United States District Court for the Middle District of Florida, Orlando Division, is the district and division within which the Circuit Court for the Ninth Judicial Circuit in and for Orange County, Florida, is located.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and the Local Rules of the United States District Court for the Middle District of Florida.

6. Pursuant to 28 U.S.C. § 1446(d), Defendant has provided written notice of the filing of this Notice of Removal to Plaintiff and has filed a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida. *See* **Exhibit B.**

## II. FEDERAL QUESTION JURISDICTION

7. This Court has original jurisdiction over this action based on a federal question pursuant to 28 U.S.C. §1331, and therefore, this action is properly removable under 28 U.S.C. 1441(a).

8. In applying that statutory provision, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

9. Counts II and V of Plaintiff's seven-count Complaint alleges Defendant discriminated and harassed Plaintiff based on race, color, and ethnicity and created a hostile work environment in violation of 42 U.S.C. § 1981. This Court has original jurisdiction over this action based on a federal question allegations, pursuant to 28 U.S.C. § 1331, and the case is properly removable under 28 U.S.C. § 1441.

**III. SUPPLEMENTAL JURISDICTION**

10. Count I of Plaintiff's Complaint consists of complaints of alleged whistleblower retaliation, in purported violation of Florida's Private Sector Whistleblower Act (FWA), Fla. Stat. § 448.102, *et. seq.* Plaintiff's remaining counts consist of complaints of defamation, malicious prosecution, negligent supervision and retention, and infliction of emotional distress (Counts III, V, VI and VII).

11. Plaintiff's state law and federal claims arise out of the same case or controversy and therefore fall within this Court's supplemental jurisdiction, and removal of the entire case is proper. *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related … that they form part

of the same case or controversy under Article III of the United States Constitution."); *see also* 28 U.S.C. § 1441(c) (providing for removal of entire case).

12. Plaintiff's claims of discrimination, harassment and a hostile work environment in violation of 42 U.S.C. § 1981, and violation of the FWA, are part of the same case and controversy. Plaintiff's claims stem from the same factual allegations, set forth in paragraphs 1-26 of the Complaint, which are incorporated by reference into Count II of the Complaint. Accordingly, the entire case should be removed to this Court.

**WHEREFORE,** Defendant, Broder Bros. Co. d/b/a Alpha Broder, respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and processes to remove *Nelson Rodriguez v. Broder Bros., Co. d/b/a Alpha Broder,* Case No. 2025-CA-010571-O, from the Circuit Court for the Ninth Judicial Circuit, in and for Orange County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division.

Dated: March 16, 2026. Respectfully submitted,

***/s/ Lara J. Peppard***
Lara J. Peppard
Florida Bar No. 520055
lara.peppard@ogletree.com
Jonathan C. Gardner
Florida Bar No. 1068645
jonathan.gardner@ogletree.com
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
100 North Tampa Street, Suite 3600
Tampa, FL 33602
Phone: 813.289.1247 | Fax: 813.289.6530

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 16, 2026, I electronically filed the foregoing with the Court's CM/ECF system, and that a true and correct copy of the foregoing was sent via electronic mail to the following:

Christiane L. Nolton, Esq.
Brien V. Squires, Esq.
SQUIRES LEGAL GROUP, PLLC
100 South Ashley Drive
Suite 600
Tampa, Florida 33602
Email: christiane@squires-legal.com
brien@squires-legal.com
*Attorneys for Plaintiff*

***/s/ Lara J. Peppard***
Lara J. Peppard